IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DELISHA SHERELL THOMAS | § | |
| | § | |
| v. | § | Case No. 2:15-CV-1535-RSP |
| | § | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § § | |

**MEMORANDUM OPINION**

On May 30, 2013, Administrative Law Judge Mary Elizabeth Johnson issued a decision finding that Petitioner Delisha Sherell Thomas was not disabled within the meaning of the Social Security Act from September 1, 2009 through the date of the decision. Ms. Thomas, who was 33 with a high school education and one year of college at that time, was found to be suffering from severe impairments including obesity, mild osteoarthritis to the right knee, and chronic back and left hip pain. These impairments resulted in restrictions on her ability to work, and she had not engaged in any substantial gainful activity since at least September 1, 2009. Before that time, she had worked as a telemarketer, customer service representative, and phone sales agent.

After reviewing the medical records and receiving the testimony at the hearing, the ALJ determined that Petitioner had the residual functional capacity (RFC) to perform the full range of sedentary work, as defined in the Social Security Regulations, except that she could do no squatting, kneeling, crawling, or climbing, and could not be exposed to unprotected heights. She is limited to occasional bending, stooping or crouching and must be able to stand occasionally to shift positions to alleviate back and hip pain.

Considering Petitioner's RFC, the ALJ relied upon the testimony of a Vocational Expert and found that Petitioner had the residual functional capacity to perform her past relevant work as a telemarketer, customer service representative, and phone sales agent as those jobs are described in the Dictionary of Occupational Titles published by the Department of Labor.  This resulted in a finding of no disability.  Petitioner appealed this finding to the Appeals Council, which denied review on June 18, 2014.  Petitioner timely filed this action for judicial review seeking remand of the case for award of benefits.

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. See *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994), *cert. denied*, 514 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir.1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir.1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen,* 798 F.2d 818, 823 (5th Cir.1986).

Plaintiff raises  two issues on this appeal:

1. The ALJ erred by finding that Plaintiff's mental impairments are "non-severe" without fulfilling her duty to develop the record in light of Plaintiff's documented inability to afford medical care.

2. The ALJ erred by failing to evaluate the effects of Plaintiff's obesity as required by unambiguous Agency policy set forth in SSR 02-1p.

*Analysis*:

The central issue raised by Petitioner is that the ALJ determined that Petitioner's depression was non-severe without further developing the record by obtaining any consultative evaluation. The striking part of the record on this issue is that the only medical evidence on this issue, the report of a treating psychiatrist, found that Petitioner was, indeed, unable to work due to her depression. Dr. Tan, a psychiatrist, examined her on December 4, 2012, diagnosed "major depressive disorder," found that she had a Global Assessment of Functioning (GAF) score of 46, and prescribed a three-month course of treatment. Tr. 247. He also found that she was not able to work at that time. T. 230. Despite this finding by the treating psychiatrist, the ALJ determined that Petitioner's depression was non-severe, meaning that it was "a slight abnormality having such minimal effect on an individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." Tr. 22.

The reasoning employed by the ALJ in determining that Petitioner's depression was non-severe, and thus not a factor in determining her capacity for work, is critical to this case. The ALJ first noted that Dr. Tan's treatment of Petitioner was both short and recent. Petitioner responds that the record clearly shows that Petitioner's lack of insurance and transportation impacted her ability to receive regular care. The ALJ also noted that Dr. Tan's report was "less persuasive than other sources" because there was no elaboration of why he concluded that she could not work. However, the ALJ did not identify the "other sources" she was referring to. Tr. 24. The

Commissioner suggests in Brief that Dr. Strain's consultative report supports the ALJ's finding, but Dr. Strain performed an orthopedic consultation, which is of little benefit to the evaluation of depression. Tr. 232. In any event, Dr. Strain notes that Petitioner has a history of depression. The bulk of the ALJ's consideration of Dr. Tan's report is a simple re-weighing of the symptoms and findings relied upon by Dr. Tan.

It is simply not acceptable for the ALJ to determine that Petitioner's depression is a "slight abnormality" with "minimal effect" when the only medical evidence of record on the condition, from a personal examination by a treating specialist, is that it is severe enough to render her unable to work at the time--at least in the absence of unusual factors not shown to be present here. On this record there is no substantial evidence to support the ALJ's determination that Petitioner's depression is non-severe.

*Conclusion:*

Having determined that the decision is not supported by substantial evidence, the ruling below is reversed and remanded to the Commissioner pursuant to the fourth sentence of 42 U.S.C. §405(g) for further proceedings consistent with this ruling.

**SIGNED this 31st day of March, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE